IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

In re:  Case No.: 13-1779-JCO
OTIS BURDEN,  Chapter 13
   *Debtor*.

MEMORANDUM OPINION AND ORDER DISMISSING CASE

This matter came before the Court on October 17, 2018, for a show cause hearing regarding the Debtor's failure to file documents necessary to obtain his discharge, namely the personal financial management certificate and the LBF283. For the reasons stated herein, the Court finds that this case is due to be DISMISSED without a discharge.

11 U.S.C. § 1328: Discharge and
Federal Rule of Bankruptcy Procedure 1007

Section 1328(g)(1) of the Bankruptcy Code states that the "court *shall not* grant a discharge under this section to a debtor unless after filing a petition the debtor has completed an instructional course concerning personal financial management described in section 111." 11 U.S.C. § 1328(g) (emphasis added). Additionally, Federal Rule of Bankruptcy Procedure 1007(b)(7) states that unless an approved provider of an instructional course concerning personal financial management notifies the court of the debtor's completion of such course, "an individual debtor in a chapter 7 or chapter 13 case shall file a statement of completion of the course . . . ." Fed. R. Bankr. P. 1007(b)(7). Subsection (c) of Rule 1007 states that, in a chapter 13 case, the statement required by Rule 1007(b)(7) shall be filed "no later than the date when the last payment was made by the debtor as required by the plan or the filing of a motion for a discharge under § 1328(b)." Fed. R. Bankr. P. 1007(c). However, "the court may, at any time and in its discretion, enlarge the time to file the statement required by subdivision (b)(7)." *Ibid.*

Here, the Debtor has completed all of his plan payments, but has failed to file the requisite financial management certificate and LBF283. In determining whether the undersigned can grant Debtor his discharge without having filed these documents, the Court turns to basic statutory interpretation principles. "The starting point for all statutory interpretation is the language of the statute itself." *In re Tennyson*, 611 F.3d 873, 877 (11th Cir. 2010). It is assumed that "Congress used the words in a statute as they are commonly and ordinarily understood," and courts must interpret the "statute to give full effect to each of its provisions." *Id.* A single word or term in a statute is not considered in isolation, "but instead [a court must] look to the entire statutory context." *Id.* A court should only "look beyond the plain language of a statute at extrinsic materials to determine the [legislative] intent if: (1) the statute's language is ambiguous; (2) applying it according to its plain meaning would lead to an absurd result; or (3) there is clear evidence of contrary legislative intent." *Id.* (*citing United States v. DBB, Inc.,* 180 F.3d 1277, 1281 (11th Cir. 1999)). It is well established that when a court finds "the term of a statute unambiguous, judicial inquiry is complete, except in 'rare and exceptional circumstances.'" *Garcia v. U.S.,* 469 U.S. 70, 75 (1984) (citations omitted).

"The word 'shall' is ordinarily the language of command." *Alabama v. Bozeman,* 533 U.S. 146, 153, (2001) The use of the word "shall" "normally creates an obligation impervious to judicial discretion." *Tennyson* at 877 (*citing Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach,* 523 U.S. 26, 35 (1998)).

<u>Application</u>

The Debtor has completed all of his plan payments, but has not complied with the requirements of § 1328 and Rule 1007 by filing his financial management certificate not later than the date when the last payment was made by the debtor as required by the plan; nor has he

requested that the time to file the certificate be extended beyond the date of last payment. On June 6, 2018, the Trustee filed his Notice of Chapter 13 Plan Completion Status. On June 7, 2018, the Clerk issued her Notice to Chapter 13 Debtors Regarding Requirements for Discharge (Doc. 42). The Notice plainly states that the personal financial management certificate was due to be filed within twenty-one (21) days of the notice to receive a discharge, and provided information on how to complete the course. The Notice also cautioned that failure to file the required documents will result in the case being closed without a discharge. On July 16, 2018, the Court issued an Order to Appear and Show Cause for Failure to Submit Required Documents. (Doc. 48). The Order was set for hearing on August 29, 2018; the Debtor failed to attend the hearing. (Doc. 51). The Order was reset for a hearing on October 17, 2018, in an effort to give the Debtor every opportunity to file the required documents. On October 17, 2018, the case was called; Debtor's counsel, Frank Thiemonge was present, but the Debtor was not.

The Debtor has been given not less than nine (9) months to file his certificate of financial management and LBF 283 so that he may receive his discharge. The Court has not heard from Debtor, nor has his counsel, despite multiple attempts to contact him regarding the outstanding documents.

Applying the principles of statutory interpretation to the facts at hand, the use of the word, "shall," in the Code and the Rule is a mandate preventing the Court from using its discretion to waive the said requirements. Therefore, Debtor's failure to file the documents, and Debtor's failure to request additional time to file the said documents, prevents him from receiving his discharge.

Therefore, this Court finds that this case is due to be and hereby is DISMISSED without a discharge due to Debtor's failure to file the personal financial management certificate and the

LBF283 form. The Clerk is directed to dismiss this case without a discharge as soon as practicable.

Dated: March 15, 2019

JERRY C. OLDSHUE, JR.
U.S. BANKRUPTCY JUDGE